# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA SHEPPARD,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**GAMBRO HEALTH CARE** )<br>**CENTER, INC.,** )<br>)<br>**Defendant.** ) | Case number 4:05cv1140TCM |

## MEMORANDUM AND ORDER

This diversity medical malpractice action is before the Court[1] on the unopposed motion of defendant, Gambro Health Care Center, Inc., to dismiss for failure to prosecute and to comply with a court order.

## Background

This action was filed in the Twenty-Second Judicial Circuit Court (St. Louis County), Missouri, and removed to federal court on July 22, 2005. On October 12, after conferring with both parties' counsel, the Court entered a case management order setting forth certain deadlines, including a deadline of December 1, 2005, for the amendment of pleadings or joinder of additional parties; a deadline of January 1, 2006, for all disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure; and a deadline of March 1 for Plaintiff's disclosure of expert witnesses pursuant to Rule 26(a)(2). By separate order, the parties were to designate a neutral for purposes of alternative dispute resolution on or before August 1.

On February 23, Plaintiff requested an extension of sixty days within which to designate her expert witnesses. In that motion, Plaintiff stated that, depending on her expert's

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

testimony, she might wish to add additional doctor-defendants. She also noted that the statute of limitations did not run until August 1, 2006. The motion was set for a hearing, but was denied on the day of the hearing as moot.

One week later, on March 16, Plaintiff and Defendant moved to amend the case management order. The proposed revised deadlines were April 24 for the amendment of pleadings and June 1 for Rule 26(a)(1) disclosures and the disclosure of expert witnesses by Plaintiff. This motion was granted.

The next month, on April 28, Plaintiff's counsel moved to withdraw, explaining that he was no longer engaged in the practice of law. This motion too was granted, with the additional direction that counsel file with the Court Plaintiff's last known address. Counsel complied.

On June 1, Defendant moved to dismiss for failure to comply with the amended case management order. On June 8, recognizing that no attorney had entered on Plaintiff's behalf, the Court sua sponte granted Plaintiff an additional fifteen days to respond to the motion.

It is now August 9, and no response has been filed, nor has an attorney entered for Plaintiff.

**Discussion**

Federal Rule of Civil Procedure 41(b) allows a district court to sanction a party, including the dismissal of its action, for failure to comply with its order. See **Doe v. Cassel**, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam); **Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 1999). The sanction "'must be proportionate to the litigant's transgression,'" and must reflect a balancing "'that focuses foremost upon the degree of egregious conduct which prompted the [sanction] order . . . and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice[.]'" **Doe**, 403 F.3d at 990 (quoting Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998))

(alterations added). Accord **Good Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003). "The futility of lesser sanctions is a . . . consideration in the . . . court's balancing calculation." Id. (alterations added). Accord **Hunt**, 203 F.3d at 527.

In the instant case, Plaintiff does not refute Defendant's contention that she has failed to comply with the case management order and has not responded to Defendant's motion requesting that her case be dismissed as a consequence. Thus, the Court is left to wonder whether Plaintiff is simply not responding to its orders and to Defendant's motion or if she has abandoned her case. See **Hunt**, 203 F.3d at 527 (in considering whether to employ sanction of dismissal with prejudice court need not find that plaintiff acted in bad faith, but only "that he acted intentionally as opposed to accidentally or involuntarily"). What is clear is that any progress in this litigation has been halted by Plaintiff's conduct. In light of this, the Court finds that dismissal without prejudice of her cause of action is an appropriate sanction. See **Roberts v. Missouri Div. of Employment**, 636 F.2d 249, 250 (8th Cir. 1980) (per curiam) (affirming dismissal without prejudice of case in which plaintiff failed to respond to court orders).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [Doc. 21] is **GRANTED**.

An appropriate Order dismissing this action without prejudice will accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of August, 2006.